### SLATER v. CITY OF GRAND RAPIDS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ELECTION TO TAKE COMPENSATION BARS RIGHT TO PENSION.
    Under Act No. 173, Pub. Acts 1921, amending workmen's compensation act, dependent of policeman shot while on duty, who accepted compensation under the act, is not entitled to pension provided under city charter.

2. SAME—COLLATERAL ATTACK.
    Proceedings under workmen's compensation act may not be collaterally attacked, but may be impeached only by direct attack for that purpose.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 11, 1929. (Docket No. 83, Calendar No. 34,454.) Decided December 3, 1929.

Assumpsit by Agnes Slater against the City of Grand Rapids, a municipal corporation, for a certain pension. From a judgment on directed verdict for defendant, plaintiff brings error. Affirmed.

Applicability of workmen's compensation acts to policemen, see annotation in L. R. A. 1918F, 191.
On right of firemen and policemen to recover under workmen's compensation acts, see annotation in 10 A. L. R. 201.

*Francis L. Williams,* for plaintiff.

*Ganson Taggart* and *Fred N. Searl,* for defendant.

CLARK, J.   Plaintiff's husband, Samuel Slater, was a police officer in Grand Rapids. While attempting an arrest he was shot, his death resulting on December 9, 1921. An agreement for compensation under the workmen's compensation act (2 Comp. Laws 1915, § 5458) was made, filed with the department of labor and industry and duly approved by it. The compensation provided was $14 per week for 300 weeks, and it has been paid in full by the defendant city. The charter of the city, adopted in 1917, provided a pension in such cases, to be paid to dependents, "including and not in addition to any amounts paid  *  *  *  by the city in accordance with the workmen's compensation law *  *  *." The amount of the pension is one-half salary paid and not exceeding $50 per month.

Plaintiff's suit is to recover pension. A verdict was directed for defendant. Plaintiff brings error.

It may be that under the city charter, standing alone, plaintiff was entitled to pension reduced by amounts paid as compensation. But by Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5429), effective at the time of the death, pt. 1, § 7 of the act (2 Comp. Laws 1915, § 5429) was amended by adding the following:

"*Provided, however,* That policemen or firemen, or employees of the police or fire departments, or their dependents, in municipalities or villages of this State having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such charter, but shall not be entitled to like benefits from both: And *provided further,*

That nothing contained in this act shall be construed as limiting, changing or repealing any of the provisions of any charter of any municipality or village of this State relating to any benefits, compensation, pensions or retirement, independent of this act, provided for employees as hereinbefore defined.''

This statute permits employees, or their dependents, to waive compensation under the act and to take in lieu thereof the like benefits provided by the municipality, and it provides that they ''shall not be entitled to like benefits from both.'' The trial court held that as plaintiff had elected to take and had taken compensation under the act she was not entitled to pension.

In *Ford* v. *Kuehne,* 242 Mich. 428, the plaintiff, Ford, a policeman, elected to accept pension under this charter provision. Citing the statute just above quoted, it was held:

''Plaintiff chose to accept the pension provided for in the charter and ordinance of the city. By so doing he waived the provisions of the (compensation) act.''

Plaintiff elected to take compensation of nearly $60 per month for 300 weeks instead of pension at not exceeding $50 per month, and she, under the statute, is here bound by the election.

She attempts collateral attack on her election to take compensation, which cannot be considered. The compensation proceeding may be impeached only by a direct attack for that purpose. *Smith* v. *Port Huron Gas & Electric Co.,* 217 Mich. 519.

Judgment affirmed.

North, C. J., and Butzel, Wiest, McDonald, Potter, and Sharpe, JJ., concurred. Fead, J., did not sit.