## MACKAY *v*. CITY OF PORT HURON.

1. WORKMEN'S COMPENSATION—CHARTER BENEFITS—CONSTRUCTION OF STATUTES—POLICEMEN—FIREMEN.

Proviso of workmen's compensation act stipulating that policemen, firemen, or their dependents in municipalities having charter provisions prescribing benefits like those under the act may waive the provisions under the act and receive charter benefits but not like benefits from both *held*, not limited by following proviso which declares first does not at all affect charter benefit provisions bearing no relation to the provisions of the workmen's compensation act (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931).

2. SAME—CHARTER PENSION BENEFITS—LIKE BENEFITS.

> Charter providing that widows of policemen or firemen who die shall receive until death or remarriage the amount of retirement salary deceased would have received had he lived and been placed on the retirement list, which results in payment to plaintiff widow of $75 a month for life *held*, to provide a like benefit to $18 weekly sum provided in workmen's compensation act for 300 weeks plus funeral expenses (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931; Port Huron Charter, §§ 35, 36, as amended).

3. SAME—FIREMEN'S WIDOW—CHARTER PENSION BENEFITS—WAIVER OF STATUTORY BENEFITS.

> Fireman's widow who elected to take charter benefit payment of $75 a month until death or remarriage *held*, not entitled also to workmen's compensation, since she, by virtue of the workmen's compensation act, was entitled to either but not both and, having elected the one, waived the other (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931; Port Huron Charter, §§ 35, 36, as amended).

Appeal from Department of Labor and Industry. Submitted January 4, 1939. (Docket No. 39, Calendar No. 40,297.) Decided March 9, 1939.

Myrtle E. MacKay, widow, presented her claim against City of Port Huron, a municipal corporation, for compensation for fatal injuries sustained by plaintiff's husband while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Samuel D. Pepper,* City Attorney, *Rudolph J. Inman,* Assistant City Attorney (*Patrick H. Kane,* of counsel), for defendant.

WIEST, J. Norman MacKay, a member of the fire department of the city of Port Huron, was killed while working in the line of duty on January 3, 1937.

Myrtle E. MacKay, plaintiff herein, was his wife and sole dependent. The city, by charter provision, had a pension and benefit system applicable to members of the fire department and their widows. Under the charter provision, plaintiff, as widow, the day after the death of her husband, was granted and accepted the sum of $75 per month for life, unless she remarried. A few weeks later, and while receiving the mentioned charter benefit, she applied, as a dependent, for an award against the city under the workmen's compensation act, and was granted $200 for funeral expenses of the deceased and $18 per week, and now claims right to receive both the monthly benefit amount and the weekly award.

Defendant reviews by appeal in the nature of certiorari, and contends that, in accepting the charter benefit, plaintiff waived award under the workmen's compensation act.

The workmen's compensation act, 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931 (Stat. Ann. § 17.147), reads, so far as here necessary for consideration, as follows:

"Provided, however, That policemen or firemen or employees of the police or fire departments, or their dependents, in municipalities or villages of this State having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such charter, but shall not be entitled to like benefits from both: And provided further, That nothing contained in this act shall be construed as limiting, changing or repealing any of the provisions of any charter of any municipality or village of this State relating to any benefits, compensation, pensions, or retirement, independent of this act, provided for employees as hereinbefore defined."

November 6, 1934, the charter of the city was amended, and we quote from section 35 the following:

"Upon the death of any member of either of said departments (fire and police) after ten years active duty, provided such member is at the time of his death either on the retired list or in active service, the widow of such deceased member shall,  *  *  * where said deceased husband dies while still an active member of the department, receive, until her death or remarriage, the amount of retirement salary that her deceased husband would have received had he lived and been placed upon the retirement list at the date of his death."

Section 36 of the charter retirement and benefit plan provides for the operating fund as follows:

"All active members of the police force and fire departments shall pay two per cent. of their yearly salaries in monthly payments into the retirement fund for retired policemen and firemen, and members of the retired list shall pay one per cent. of their retirement salaries into said fund. All unclaimed money, the proceeds arising from the sale of unclaimed property, all fines imposed upon members of the police or fire departments for violation of rules, all moneys received by any members of either department as witness fees for appearance in court, and all rewards and proceeds of gifts and emoluments, which may be given by any person or persons to any member of the police or fire departments on account of extraordinary service, unless such reward, gift or emolument is allowed by the commissioner of public safety to be retained by the member receiving it, shall be paid into said retirement fund, the payments to which fund shall be made to the city treasurer. The balance if any necessary for the

payment of such retirement salaries shall be raised by general taxation.''

Mr. MacKay had contributed two per cent. of his monthly wages to the fund.

''Is plaintiff precluded from benefits of the workmen's compensation act by reason of receiving benefits from the city retirement fund in view of 2 Comp. Laws 1929, § 8413, as amended?''

Is the first mentioned proviso, relative to benefits under the charter provisions, comparable to benefits under the compensation act and, if accepted by plaintiff, does it constitute a waiver of an award under the compensation act? That proviso is all-inclusive and its scope is not limited by the second proviso which only declares that the first proviso does not at all affect the charter benefit provisions bearing no relation to the provisions of the workmen's compensation act.

Counsel for plaintiff stress the difference between pension and compensation. The legislature, aware of the difference, in the statute here under consideration, constituted a charter benefit compensation in lieu of an award, if accepted by a beneficiary in an instance of accidental death or injury falling within the workmen's compensation act, and left the pension or benefit provisions of the municipal charter, in all other instances, unaffected by the workmen's compensation act. The workmen's compensation act is wholly statutory and open to the inclusion of the amendment here considered. It is true the charter does not mention the workmen's compensation act, but the statute does. The statute expressly supplies the connecting link and that is sufficient.

This brings us to the question of whether, in the instance at bar, the charter provision benefit accepted

by plaintiff accords her "like benefits" as are prescribed by the compensation act. If it does, then the award appealed from must be vacated, for that award followed acceptance of the charter benefit and, under the statute, plaintiff cannot have both. Clearly plaintiff cannot have both benefits for a single cause unless it be held there is no relation within the meaning of the statute between the two benefits. That such a relation exists is manifest and should be recognized and given effect, unless there is, in this instance, such inequality as to exclude the statutory operation upon acceptance of the charter benefit. The term "like benefits," employed in the statute, does not mean identical benefits or co-extensive in every detail but, considering the full scope thereof, similar in its salient features. The charter benefit of $75 a month, or $900 per year, continues for life unless plaintiff remarries; while the compensation award of $18 per week, or $936 per year, carries, if there is no remarriage, for 300 weeks at the longest. The $36 per year difference, if considered an inequality, loses sense as such when we give consideration to the time of continuance of each benefit. The statute provides for funeral expenses and the charter benefit does not, but this was waived in taking the longer time benefit.

Counsel for plaintiff direct attention to the holding in *City of Lincoln* v. *Steffensmeyer,* 134 Neb. 613 (279 N. W. 272, 119 A. L. R. 914), to the effect that a fireman's pension is not compensation within the meaning of the workmen's compensation act of that State. The case is not in point for the following reason stated in the opinion. We quote.

"Plaintiff cites *Slater* v. *City of Grand Rapids,* 248 Mich. 480, as holding to the effect that a policeman's widow, electing to take under the workmen's

compensation act, could not recover a pension from the city. In that State the workmen's compensation act contained specific language as follows."

The court then quoted the provision of the Michigan statute and stated:

"No such language appears in the compensation act of this State, nor in the firemen's pension act."

The reason why our holding in the *Slater Case* was inapplicable there is the reason why the holding there is inapplicable here.

In *Slater* v. *City of Grand Rapids,* 248 Mich. 480, we held that the widow of a police officer killed while in the line of duty, who was awarded dependent's compensation under the statute, could not also have the city charter benefit. The converse is true.

Where one has right of election to take either of two benefits but not both, and is accorded and accepts and is receiving one, there is waiver of the other.

Plaintiff accepted and is receiving the charter benefit and cannot also have the award, and the award is vacated, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.