## CICHECKI v. CITY OF HAMTRAMCK.

1. MUNICIPAL CORPORATIONS—CHARTERS—PENSIONS—DEPENDENTS.
    Hamtramck city charter provides that the widow of a deceased city policeman has the legal right to payments from the charter-provided pension fund if she is alive and unmarried; however, if there is no widow, children of deceased under 18 years of age receive the pension payments (Hamtramck Charter, chap 13, §§ 7, 8).

2. SAME—CHARTERS—PENSIONS—CHILDREN.
    Children of deceased Hamtramck policeman have no specific right to money paid to their living mother under the pension plan provided by city charter; however, the children do have an enforceable general right to support (CL 1948, § 750.136; Hamtramck Charter, chap 13, §§ 7, 8).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur, Pensions § 19.
[2] 40 Am Jur, Pensions § 20.
[3-5, 10, 11] 58 Am Jur, Workmen's Compensation §§ 154, 173, 174.
[6] 58 Am Jur, Workmen's Compensation § 183 et seq.
[7] 29 Am Jur 2d, Evidence § 159.
[8] 29 Am Jur 2d, Evidence §§ 9, 10.
[9] 50 Am Jur, Statutes § 475 et seq.
[12] 5 Am Jur 2d, Appeal and Error § 1009.

3. WORKMEN'S COMPENSATION—DEPENDENTS—BENEFITS—RIGHT TO PAYMENTS.

> Workmen's compensation act provides that children of a deceased employee share equally with their widowed mother in compensation payments, whether or not they live at home, and if the surviving wife is not properly using the money entrusted to her for the children's care, the workmen's compensation department may pay the benefits to the children's guardian or legal representative for their use and benefit (CL 1948, § 412.6, as amended by P.A 1967, No 230).

4. SAME — DEPENDENTS — BENEFITS — MUNICIPAL CORPORATIONS — CHARTER PROVISIONS — PENSIONS — RIGHT TO PAYMENTS.

> Workmen's compensation act provides an increase in the amount of benefits when there is an increase in the number of children or other dependents; however, the Hamtramck city charter does not include a similar right in its pension provision; thus, where a widow claims rights under the Hamtramck charter pension provision and her children, dependents of deceased policeman, claim rights under the workmen's compensation act, the claims must be considered as separate and divisible because the children have no rights under the charter pension provision, but they do have present, vested, and enforceable rights under the workmen's compensation act (CL 1948, § 412.5, as amended by P.A 1965, No 395; Hamtramck Charter, chap 13, §§ 7, 8).

5. SAME—DEPENDENTS—MUNICIPAL CORPORATIONS—CHARTER PROVISIONS—PENSIONS—LIKE BENEFITS.

> Workmen's compensation act provides that dependents of a deceased policeman who worked for a municipality having a charter pension provision prescribing like benefits to the dependents as provided by the workmen's compensation act may waive benefits under the workmen's compensation act and accept instead benefits under the city charter; however, where the city council by resolution doubles the amount of the pension, the excess granted by resolution is not like benefits because it is not a legally enforceable right (CL 1948, § 417.1, as amended by P.A 1965, No 44; Hamtramck Charter, chap 13, §§ 7, 8).

6. SAME—APPEAL AND ERROR—PRESUMPTION—DEATH—BENEFITS—PHYSICAL EXAMINATION—AMENDMENT OF STATUTE.

> Workmen's compensation appeal board decision that children of deceased policeman were not entitled to a presumption that their father's heart attack and death arose out of and oc-

curred in the course of employment, where the deceased police-
man had not, as required by statute, submitted to a physical
examination within 12 months previous to his death *held*, error,
for by statutory amendment before the appeal board's deci-
sion, requirement of a physical examination was eliminated
(CL 1948, § 417.1, as amended by PA 1965, No 81, and PA
1967, No 148).

7. EVIDENCE—PRESUMPTION—BURDEN OF PROOF.

A presumption is a rule of procedure used to supply the want
of facts and has the effect of casting the burden of going
forward with the proof on the opposite party.

8. SAME—PRESUMPTION—AMENDMENT—PROCEDURE.

A change or amendment to a presumption which is procedural is
a procedural change.

9. STATUTES—PROCEDURE—AMENDMENT—RETROSPECTIVE APPLICATION
—WORKMEN'S COMPENSATION—APPEAL AND ERROR.

Statutes or amendments pertaining to procedure are generally
held to operate retrospectively unless the language of the act
clearly shows a contrary intention, and a new law changing
a rule of practice is generally applicable to all cases then
pending; thus, it was error for the workmen's compensation
appeal board to make a decision on an act which has been
amended without accounting for the change in the statute
which did not specify only prospective operation (CL 1948,
§ 417.1, as amended by PA 1964, No 63, PA 1965, No 81,
and PA 1967, No 148).

10. WORKMEN'S COMPENSATION—DEPENDENTS—BENEFITS—PRESUMP-
TION—CHARTER PROVISIONS—PENSIONS—RIGHT TO PAYMENTS.

Dependents cannot have the benefit of the presumption, provided
by the workmen's compensation act, that their father's death
arose out of and in the course of his employment as a police-
man until they apply for and are denied the pension provided
for in city charter; however, where the charter makes no pro-
vision for any pension benefit for minor children dependents
while the widow is alive, no demand is required, for it would
be a useless and futile act (CL 1948, § 417.1, as amended by
PA 1965, No 81; Hamtramck Charter, chap 13, §§ 7, 8).

11. SAME—DEPENDENTS—LIKE BENEFITS—MUNICIPAL CORPORATIONS
—CHARTERS—PENSIONS.

Dependent children of deceased policeman are not receiving like
benefits under the workmen's compensation act and a city
charter pension provision where the city pension was not

for the benefit of such dependents while mother was yet alive nor when a gratuity equal to the pension is granted to the mother by resolution of the city council, because benefits to the dependents were not prescribed in the city charter (CL 1948, § 417.1, as amended by PA 1965, No 44; Hamtramck Charter, chap 13, §§ 7, 8).

12. COSTS—WORKMEN'S COMPENSATION—CITY CHARTER—LIKE BENE-
FITS—PUBLIC QUESTION.
     No costs are allowed on appeal from a workmen's compensation appeal board determination that minor children of deceased policeman waived their right to workmen's compensation benefits by accepting like benefits under a city charter, a public question being involved (CL 1948, § 417.1, as amended by PA 1965, No 44; Hamtramck Charter, chap 13, §§ 7, 8).

Appeal from Workmen's Compensation Appeal Board. Submitted May 8, 1969. (Calendar No. 19, Docket No. 52,127.) Decided September 3, 1969.

Ronald Cichecki and 5 other minor children of Edmund Cichecki, deceased, bring action for workmen's compensation benefits. Benefits denied. Plaintiffs appealed to the Workmen's Compensation Appeal Board. Affirmed. Plaintiffs' application for leave to appeal to the Court of Appeals denied. Plaintiffs appeal. Reversed and remanded.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*B. M. Freid,* of counsel), for plaintiffs.

*S. J. Draganski,* Hamtramck City Attorney, *M. J. Mozola,* Assistant City Attorney, and *E. E. Torcellini,* for defendant.

T. G. KAVANAGH, J. The facts of this workmen's compensation claim are not in dispute. Edmund Cichecki was a policeman for the city of Hamtramck. He died January 3, 1965 from an acute myocardial infarction and left a widow and six minor children. The widow applied for and was awarded a pension from the city of Hamtramck which amounted to 1/2

of the deceased's base pay. By a later resolution of the city council, the amount of the pension was matched by an equal payment by the city.

Subsequently she applied for workmen's compensation, but later amended her claim to remove herself as a claimant and added her six minor children as parties plaintiff at the workmen's compensation hearing.

The referee held the decedent received a personal injury during his employment but disallowed recovery on the theory that the Hamtramck pension payments which the widow accepted were "like benefits" to those provided under the workmen's compensation act and that the act, therefore, precluded her and her children from receiving compensation.

The plaintiff-children appealed the referee's decision and the appeal board modified the referee's decision to hold that the decedent had not had a physical examination within the meaning of part 7, § 1 of the act (CL 1948, § 417.1, as last amended by PA 1965, No 81 [Stat Ann 1965 Cum Supp § 17.220]), and, for that reason, the record would not support a finding of "personal injury." The appeal board then affirmed the referee's determination that the six minor children had waived their right to workmen's compensation by accepting "like benefits" under the Hamtramck charter. The plaintiffs then asked for and were denied leave to appeal to the Court of Appeals.[1]

From the outset, it must be kept in mind that this claim separates the widow, as a dependent, from the children, as dependents. This distinction is based on our interpretation of the workmen's compensation act and upon the fact that the Hamtramck charter provision allows a pension only to the widow.

[1] Leave to appeal granted by Supreme Court, September 12, 1968. 381 Mich 775.—Reporter.

The charter provides (chapter 13, § 7) for the payment of the pension to the widow if she is alive and unmarried. The widow is given complete and unquestioned legal right to the payments of the fund. While it is true that the children have an enforceable general right to support,[2] they have no specific right to the money—as defined within the charter if the widow is alive upon the death of their father.

"Sec. 7 *Widows, children; pensions; duration, rate.*—Pensions shall be paid as in this chapter provided to the widow *or* the children of any person herein described who shall die from causes entitling him, if still living, to retirement, or who shall die while in retirement or who shall die while eligible to retirement, said pension shall be equal to 1/2 of the rate of pay said person was entitled to receive at the time his disability was caused, or at the time of retirement by reason of length of service, or while eligible for retirement. Such a widow shall, during her lifetime or until she remarries, receive such pension.

"*Should* any *such person* described in paragraph one, subsection (a) of this chapter *die, leaving no widow, his* child or *children* under the age of 18 years *shall receive such pension,* share and share alike. When any of such children attain the age of 18 years or shall die, the share of such child shall be paid to the remaining child or children under the age of 18 years, share and share alike, until such remaining child or children reach the age of 18 years respectively." (Emphasis supplied.)

However, under the workmen's compensation act the children share equally with their mother in the compensation payments, whether or not living at

---

[2] CL 1948, § 750.136 (Stat Ann 1962 Rev § 28.331). It is interesting to note that a dependent not a child (*e.g.*, mother) has no such right under the charter but does under the statute.

home, and the mother assumes the role of a guardian or trustee of the money entrusted to her for her children's care. The statute further sets out procedures to control a situation where it appears that the mother is not fulfilling her duty.

"And in all cases the death benefit shall be divided *between* or among the *surviving wife* or husband *and all* the *children* of the deceased employee, and all other persons, if any, who are wholly dependent upon the deceased employee, *in equal shares,* the surviving wife or husband taking the same share as a child. In all cases mentioned in this section the total sum due the surviving wife or husband and her or his own child or children shall be paid directly to the surviving wife or husband for her or his own use, and for the use and benefit of her or his own child or children, but if during the time compensation payments shall continue, the department shall find that the surviving wife or husband is not properly caring for said child or children, the department shall order *the share or shares of such child or children* to be thereafter paid to their guardian or legal representative for their use and benefit, instead of to their father or mother." (CL 1948, § 412.6, as amended by PA 1967, No 230 [Stat Ann 1968 Rev § 17.156].) (Emphasis supplied.)

There is one further point which establishes the separateness of the claims. When the charter pension is paid to the widow there is no increase in the amount paid on account of the number of children or other dependents as there is under the workmen's compensation act.[3]

It must be concluded then that the claims of the widow are separate and divisible from the present claims of the dependent children. The charter rights granted to the children in this case are nonexistent

---

[3] CL 1948, § 412.5, as amended by PA 1965, No 395 (Stat Ann 1968 Rev § 17.155).

at worst and at best a mere expectancy;—whereas under the workmen's compensation act they are present, vested, and enforceable rights.[4]

The appellee would have us affirm the referee's and appeal board's determination that the doubling of the amount received *by the widow* through the resolution of the city council constituted a portion of "like benefits" to plaintiff *children* with which the workmen's compensation act was concerned. We can make no such affirmation. It is clear that the workmen's compensation act requires that the "like benefits" there proscribed be within the *charter pension* provision. "Like benefits" must be legally enforceable rights dependent on the charter and not reliant on the good will of the city council. In this case, the council's resolution to increase the *widow's* pension gave no further right to the six plaintiffs; their common-law right to support was unaffected by this gesture, and the increase amounts to a gratuity to the widow with no assurance as to its continuation or amount.

The appeal board found the plaintiffs were not entitled to the presumption that their father's death arose out of and in the course of his employment. The facts revealed that their father had not submitted to a physical examination within 12 months previous to his death and therefore he was precluded from recovering under the statute.[5] However, before a final decision was rendered by the appeal board, part 7, § 1(d), of the workmen's com-

---

[4] From the transcript of the proceedings before the referee it appears to be conceded that the children are entitled under the charter to benefits after the widow dies or remarries. However, it might be worth mentioning that a careful reading of the city charter leaves the impression that the children can receive payments *only if* the mother has died prior to the death of the employee. More specifically if the widow dies or remarries it would appear the children get nothing.

[5] CL 1948, § 417.1, as amended by PA 1965, No 81, and PA 1967, No 148 (Stat Ann 1965 Cum Supp and Stat Ann 1968 Rev § 17.220).

pensation act was amended to eliminate the requirement of a physical examination.

The appeal board disregarded this amendment in reaching their decision; we feel it was error to do so.

"Yet a presumption is but a rule of procedure used to supply the want of facts. Its only effect is to cast the burden on the opposite party of going forward with the proof." (*Gibson* v. *Dyman* [1937], 281 Mich 137, 140.)

If the presumption itself is procedural then any change or amendment to this provision will be also procedural. This Court has recently restated its policy concerning the retroactive effect of a procedural statute.

"The statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. * * * No vested right can exist to keep statutory procedural law unchanged and free from amendment." *Hansen-Snyder Company* v. *General Motors Corporation* (1963), 371 Mich 480, 485.

This amendment to the workmen's compensation act does not specify only prospective operation and the conclusion must be that the appeal board erred in failing to account for the change in the statute.[6]

It is argued that there is one further requirement that the plaintiffs must meet before they can gain the benefits of the presumption. The statute requires that the dependents attempting to gain the benefits of the presumption must first apply for and

---

[6] CL 1948, § 417.1, as amended by PA 1964, No 63, PA 1965, No 81, and PA 1967, No 148 (Stat Ann 1965 Cum Supp and Stat Ann 1968 Rev § 17.220).

be denied the pension provided in the city charters. In this case the plaintiffs made no such demand. It is apparent, however, that the charter makes no provision for *any* pension benefit for these minor children dependents if the widow is still alive. To make such a demand would therefore be futile and our law does not require a party to perform a useless act. *Modern Globe, Inc., v. 1425 Lake Drive Corporation* (1954), 340 Mich 663, 669.

The defendant contends that the workmen's compensation act prevents these plaintiff-children from receiving "like benefits" at the same time under the charter provisions and the workmen's compensation act. It relies on CL 1948, § 411.7, as amended by PA 1965, No 44 (Stat Ann 1968 Rev § 17.147), which states that:

"Policemen  *  *  *  or their dependents, in municipalities or villages of this state having *charter* provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such *charter,* but shall not be entitled to like benefits from both." (Emphasis supplied.)

However, as we noted above, neither the gratuity nor the pension are benefits for the children as "prescribed in such charter". As such, we hold that the plaintiffs are not receiving "like benefits" under the workmen's compensation act and the city charter.

The case must be remanded to allow the defendant an opportunity to rebut the presumption that the patrolman's death occurred in the course of and arose out of his employment.

Reversed and remanded. No costs, a public question being involved.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.