JOHNSON v CITY OF MUSKEGON

1. WORKMEN'S COMPENSATION—WAIVER OF BENEFITS—POLICEMEN—
   FIREMEN—MUNICIPAL CORPORATIONS—CHARTERS—LIKE BENE-
   FITS.
   Policemen or firemen, or their dependents, in municipalities or
   villages of this state having charter provisions prescribing like
   benefits to the Workmen's Compensation Act, may waive the
   provisions of the act and accept in lieu thereof such like
   benefits as are prescribed in the municipal charter, but shall
   not be entitled to like benefits from both; the term "like
   benefits" does not mean identical benefits or co-extensive in
   every detail but, considering the full scope of the benefits,
   similar in salient features (MCLA 411.7[1], 418.161).

2. MUNICIPAL CORPORATIONS—CHARTERS—DISABILITY BENEFITS—
   WORKMEN'S COMPENSATION—LIKE BENEFITS—ELECTION OF BEN-
   EFITS.
   Benefits under a disability retirement pension provision of a city
   charter and the benefits provided by workmen's compensation
   are like benefits where the salient feature of both types of
   benefits is periodic payments for disability, even though the
   city charter benefits do not provide for medical insurance for
   work-related injuries and workmen's compensation does pro-
   vide for such insurance; therefore, a municipal policeman who
   suffered a disabling injury while making an arrest must elect
   between the benefits provided under the city charter or by
   workmen's compensation (Muskegon City Charter).

3. WORKMEN'S COMPENSATION—AWARDS—INTEREST RATE—SPLIT OF
   AUTHORITY.
   There is a split of authority as to whether the annual rate of
   interest on workmen's compensation awards is payable at five
   or six percent; therefore, interest on a workmen's compensation
   award shall be payable at five percent with an additional one

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 121, 153, 154.
[3] 58 Am Jur, Workmen's Compensation § 484 (supp).

percent held in abeyance, pending resolution of the issue by the Supreme Court or the Legislature.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 April 9, 1975, at Grand Rapids. (Docket No. 18245.) Decided May 27, 1975.

Claim by Ora Johnson against the City of Muskegon and Western Casualty & Surety Company for workmen's compensation. Award of compensation affirmed by the Workmen's Compensation Appeal Board. Defendants appeal by leave granted. Reversed and remanded.

*McCroster, Libner, Vanleuven, Kortering, Cochrane & Brock, P. C.* (by *Seymour L. Muskovitz)*, for plaintiff.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* (by *Foster D. Potter)*, for the City of Muskegon.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells)* for Western Casualty & Surety Company.

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. The narrow dispositive issue in this workmen's compensation appeal is whether the benefits under the disability retirement pension provision of the Muskegon City Charter, which does not include medical care provisions, are "like benefits" to the provisions of the workmen's compensation statutes, within the meaning

of MCLA 411.7(1); MSA 17.147(1) (now MCLA 418.161; MSA 17.237[161]).[1]

On October 15, 1968, plaintiff, a police officer for the City of Muskegon, suffered a disabling injury as a result of being kicked in the back of the head while making an arrest. Workmen's compensation benefits were paid to the plaintiff until he returned to light duty, on March 18, 1969.

On November 20, 1969, plaintiff applied for a duty disability retirement. He was notified by the police and fire retirement board on January 6, 1970, that his duty disability retirement was granted, the effective date to be "established at such a time as your case is determined by workmen's compensation". On January 20, 1970, the board notified plaintiff that his retirement date had been set as January 25, 1970, and plaintiff retired on that date.

The duty disability pension provided for a payment to plaintiff in the amount of $411.09 per month until age 55, when he would be entitled to retirement pension benefits for the remainder of his life. However, the city charter does not provide for medical insurance although the city council has provided plaintiff with a medical insurance policy which covers nonwork-related injuries.[2]

On January 5, 1970, plaintiff signed an application for workmen's compensation benefits wherein he sought total disability workmen's compensation benefits for the injury of October 15, 1968.

The referee's award found plaintiff totally dis-

---

[1] The statute provides: "Policemen or firemen * * * , or their dependents, in municipalities or villages of this state having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such charter, but shall not be entitled to like benefits from both."

[2] The pension benefits are provided in the city charter, pursuant to the home rule act, MCLA 117.4i; MSA 5.2082.

abled and ordered total disability benefits in the amount of $75.00 per week, based upon the dependency of plaintiff's wife and son, from January 6, 1969, until further order of the bureau.

Following a remand to the referee for additional testimony, the matter was appealed to the Workmen's Compensation Appeal Board and, on August 24, 1973, the appeal board upheld the award and further held that, since the benefits provided by the city charter did not provide medical insurance for work-related injuries and the workmen's compensation benefit did, the city charter and the workmen's compensation coverage were not "like benefits". Therefore, the board held that the proscription against plaintiff being "entitled to like benefits from both" did not prevent plaintiff from obtaining both the monthly pension disability benefits and the weekly workmen's compensation disability benefits. MCLA 418.161; MSA 17.237(161).[3]

Defendant City of Muskegon and its workmen's compensation insurer appeal by leave granted.

During the workmen's compensation proceeding, the compensation insurer asked plaintiff to elect between the benefits under the pension and the workmen's compensation benefits. At that time plaintiff refused, claiming that, since the benefits were not "like benefits", an election was not required. The appeal board later agreed with plaintiff on this issue. However, both plaintiff and the appeal board were incorrect.[4]

---

[3] Under the city charter, the workmen's compensation benefits are set off against their greater pension benefits, by either requiring the plaintiff to sign over the workmen's compensation checks and receiving his full pension, or by accounting for the amount of the workmen's compensation benefits and receiving from the pension fund only the difference between the workmen's compensation benefits and the pension benefits. Since the propriety of this practice was not raised as an issue on appeal, we will not pass judgment on this question.

[4] The real problem in this case is created by the ambiguity of

In resolving this narrow, though perplexing issue, we must examine the two Supreme Court cases which have dealt with the interpretation of "like benefits" under this statute. In *MacKay v Port Huron,* 288 Mich 129; 284 NW 671 (1939), the widow of a fireman applied for a pension and received $75 per month for the rest of her life. She then applied for workmen's compensation benefits and obtained $18 per week compensation and funeral expenses. The plaintiff argued in that case that, since the pension benefits did not provide for funeral expenses, while such expenses were provided under workmen's compensation, the pension and the compensation benefits were not "like benefits". The Court disagreed and held that even though funeral benefits were covered by workmen's compensation and were not covered by the pension benefits, the widow had elected to take monthly benefits from the pension fund which were "like benefits" to the weekly compensation benefits.

In reaching this determination, the Court in *MacKay* reasoned, at page 134, as follows:

"Clearly plaintiff cannot have both benefits for a single cause unless it be held there is no relation within the meaning of the statute between the two benefits. That such a relation exists is manifest and should be recognized and given effect, unless there is, in this

MCLA 418.161(1)(a); MSA 17.237(161)(1)(a). Under the statute, the provision that plaintiff "may waive the provisions of this act" indicates that by accepting pension benefits *all* of the provisions of workmen's compensation are waived. The immediately following phrase "and accept *in lieu* thereof *such* like benefits *as are* prescribed in the charter", seems to indicate the possibility of selectively waiving only those workmen's compensation benefits that are alike to those benefits provided under the pension program. The ambiguity of this statute, which creates the hope of pyramiding benefits, without specifically allowing for such pyramiding, led this plaintiff, and possible future plaintiffs, into this dilemma. We commend to the Legislature the resolution of this problem.

instance, such inequality as to exclude the statutory operation upon acceptance of the charter benefits. The term 'like benefits,' employed in the statute, does not mean identical benefits or co-extensive in every detail but, considering the full scope thereof, similar in its salient features. The charter benefit of $75 a month, or $900 per year, continues for life unless plaintiff remarries; while the compensation award of $18 per week, or $936 per year, carries, if there is no remarriage, for 300 weeks at the longest. The $36 per year difference, if considered an inequality, loses sense as such when we give consideration to the time of continuance of each benefit. The statute provides for funeral expenses and the charter benefit does not, but this was waived in taking the longer time benefit."

The relation in the case at bar is as "manifest" as in *MacKay.* The salient feature in *MacKay* was held to be precisely the salient feature in the case at bar, periodic payments for disability. Further, we cannot say that the absence of medical benefits is such an "inequality" as to exclude the operation of the statute. Like *MacKay,* the benefits in this case are not "identical" or "co-extensive in every detail", nor are they required to be. Just as the plaintiff in *MacKay* waived the funeral expenses benefit by electing to receive the pension, so too did the plaintiff in the case at bar waive the medical benefits by accepting the longer benefits under the disability pension.

While the Workmen's Compensation Appeal Board did not cite *MacKay* in their opinion, they did rely upon *Cichecki v Hamtramck,* 382 Mich 428; 170 NW2d 58 (1969), the only other Supreme Court case to examine the meaning of "like benefits" under the statute. In *Cichecki,* the widow of a police officer slain in the line of duty applied for and received pension benefits but did not apply for or receive workmen's compensation benefits. How-

ever, since the *Cichecki* children had no pension rights, they applied for workmen's compensation benefits. Notwithstanding the fact that the city council voluntarily doubled the amount received by the widow, the Court held that the widow's election against the workmen's compensation benefits did not bind the children. The Court reached this decision by reasoning that since the children had no legally enforceable pension rights to waive, their right to support under the Workmen's Compensation Act and benefits thereunder were not "like benefits".

In the instant matter, plaintiff and the appeal board misapplied *Cichecki.* Unlike the children's rights in *Cichecki,* plaintiff and only plaintiff was the person entitled to either pension rights or workmen's compensation rights. Since plaintiff was entitled to either the pension or the award, but not both, the reasoning in *Cichecki,* although consistent with *MacKay,* is irrelevant to the disposition of this appeal.

Since the benefits under the disability pension and the workmen's compensation statute are "like benefits" the plaintiff must elect between the two, and be bound by such an election. *Slater v Grand Rapids,* 248 Mich 480; 227 NW 788 (1929). However, plaintiff's refusal to make this election was based in large part upon the appeal board's erroneous conclusion that the benefits in the case at bar were not "like benefits". Therefore, we remand for further proceedings in which the plaintiff will be required to elect either the benefits under the disability pension or the benefits under the Workmen's Compensation Act. He cannot have both.

In order to alleviate the prejudice created by the ambiguity of the statute, we direct the referees at the workmen's compensation hearings to explain

to the plaintiffs that they must make an election between the benefits under a disability pension and the Workmen's Compensation Act.

Upon affirming the referee's award, the appeal board changed the interest rate from 5% per annum to 6% per annum. On the issue of interest, we remand to the appeal board for the entry of an order forthwith modifying the award of benefits to provide that interest shall be payable at the rate of 5% per annum from the date each weekly payment was due until paid and holding in abeyance payment of the additional 1% per annum of any amount so due, pending resolution by the Michigan Supreme Court or the Michigan Legislature of the split in this Court in *White v Extra Labor Power of America,* 54 Mich App 370; 221 NW2d 214 (1974), and *Morris v Baker Auto Parts,* 57 Mich App 65; 225 NW2d 179 (1974), on the propriety of the 6% rate of interest award in workmen's compensation cases.

Reversed and remanded for further proceedings consistent with this opinion. No costs; we do not retain jurisdiction.