ANDERSON v GROSSE POINTE PARK FIRE DEPARTMENT

Docket No. 68398. Submitted January 17, 1984, at Detroit.—Decided
    April 11, 1984.

Plaintiff, Loren W. Anderson, suffered a heart attack on Novem-
    ber 19, 1971, which arose out of and in the course of his
    employment with defendant City of Grosse Pointe Park Fire
    Department. Benefits under the Worker's Disability Compensa-
    tion Act (WDCA) were voluntarily paid by the fire department's
    workers' compensation carrier, defendant Royal Globe Insur-
    ance Company, in the amount of $90 per week beginning on
    November 20, 1971. Plaintiff retired from employment with the
    fire department on July 15, 1972, and began receiving a duty-
    disability pension in the amount of $259 per month, which
    amount was later raised to $280 per month. On October 24,
    1975, defendant ceased payment of workers' compensation ben-
    efits on the ground that plaintiff was receiving a duty-disability
    pension from the City of Grosse Pointe Park. Plaintiff's pension
    payments ceased in December of 1977 since the salary from his
    employment with the Department of the Army surpassed the
    cap set by the pension plan. Plaintiff's entitlement to pension
    benefits would resume in the event that his salary were to fall
    below the cap. In December, 1975, plaintiff sought a hearing in
    an effort to regain workers' compensation benefits. A hearing
    referee granted plaintiff the benefits requested, rejecting defen-
    dant's argument that plaintiff was not entitled to both workers'
    compensation benefits and duty-disability pension payments
    pursuant to the "like benefits" provision of the WDCA. On
    appeal, the Workers' Compensation Appeal Board disagreed
    and concluded that the duty-disability pension payments were
    "like benefits" and that plaintiff could not collect both. The
    board held that plaintiff had made an effective election of the
    workers' compensation benefits thus affirming that part of the
    hearing referee's award of benefits. Plaintiff's application for

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 16A Am Jur 2d, Constitutional Law §§ 750, 752, 775.
[1] 73 Am Jur 2d, Statutes § 41.
[2, 3, 5] 60 Am Jur 2d, Pensions and Retirement Funds §§ 43, 44.
    82 Am Jur 2d, Workmen's Compensation § 364.

leave to appeal to the Court of Appeals was denied on January 25, 1982. Plaintiff then filed an application for leave to appeal to the Supreme Court. On December 6, 1982, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 414 Mich 970 (1982). Plaintiff appeals. *Held:*

1. The "like benefits" provision of the WDCA does not deny the plaintiff equal protection of the laws. The "like benefits" provision is rationally related to a legitimate state interest of reducing the financial burden placed upon municipalities by the great number of compensable injuries sustained by police officers and fire fighters.

2. The appeal board did not err in determining that workers' compensation benefits and the duty-disability pension payments are "like benefits". The only relevant factor is that both provide periodic payments while the plaintiff is disabled from gainful employment. Thus, the two compensation methods are alike. The additional factors cited by the plaintiff do not affect the basic nature of the two compensation methods.

3. The election of workers' compensation benefits by the plaintiff in response to a hypothetical scenario proposed to him at trial was not final and unequivocal and was not binding. The case is remanded to enable plaintiff to make a binding election.

Remanded.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION — APPEAL — STANDARD OF REVIEW.

The appropriate standard of review to be utilized where a statute is alleged to violate the equal protection guarantees of the United States and Michigan Constitutions and where the statute does not involve any discernible fundamental interest or affect with particularity any protected class but deals primarily with socioeconomic legislation is whether the challenged classification is rationally related to a legitimate state interest; under such a test, a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

2. WORKERS' COMPENSATION — MUNICIPAL CORPORATIONS — PENSION BENEFITS — POLICE OFFICERS — FIRE FIGHTERS — LIKE BENEFITS.

The clear purpose of the Worker's Disability Compensation Act's provision providing that police officers or fire fighters may recover under the act or under the provisions of a municipal charter providing like benefits, but shall not be entitled to both,

is to prevent the recovery of double benefits for the same injury; the Legislature's goal in devising the provision was to seek a way to reduce the burden on municipal taxpayers arising from the high cost of doing business (MCL 418.161[1][a]; MSA 17.237[161][1][a]).

3. WORKERS' COMPENSATION — MUNICIPAL CORPORATIONS — PENSION BENEFITS — LIKE BENEFITS — EQUAL PROTECTION.

The "like benefits" provision of the Worker's Disability Compensation Act is rationally related to the legitimate state interest of reducing the financial burden placed upon municipalities by the great number of compensable injuries sustained by police officers and fire fighters; the provision does not deny equal protection of the law (MCL 418.161[1][a]; MSA 17.237[161][1][a]).

4. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The Equal Protection Clause does not require that a state must choose between attacking every aspect of a problem or not attacking the problem at all (US Const, Am XIV; Const 1963, art 1, § 2).

5. WORKERS' COMPENSATION — LIKE BENEFITS.

Two compensation methods, one, workers' compensation benefits and, the other, a pension provided by a municipal charter, both of which are designed to provide monthly payments while a police officer or fire fighter is disabled from gainful employment are alike and provide "like benefits" for purposes of the like benefits provision of the Worker's Disability Compensation Act (MCL 418.161[1][a]; MSA 17.237[161][1][a]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Granner S. Ries*)*,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit*)*,* for defendants on appeal.

Before: SHEPHERD, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff suffered a heart attack on November 19, 1971, which arose out of and in the

* Circuit judge, sitting on the Court of Appeals by assignment.

course of his employment with defendant City of Grosse Pointe Park Fire Department. Benefits under the Worker's Disability Compensation Act (WDCA) were paid voluntarily by the fire department's workers' compensation insurance carrier, defendant Royal Globe Insurance Company, in the amount of $90 per week beginning November 20, 1971.

Plaintiff retired from employment with defendant on July 15, 1972, and began receiving his duty-disability pension in the amount of $259 per month as of that date. This amount was subsequently raised to $280 per month within two to three years.

On October 24, 1975, defendant ceased payment of workers' compensation benefits on the ground that plaintiff was receiving a duty-disability pension from the City of Grosse Pointe Park. Plaintiff's pension payments ceased in December of 1977 since the salary from his employment with the Department of Army surpassed the cap set by the pension plan. In the event that his salary were to fall below the cap, his entitlement to pension payments would resume.

Plaintiff filed a petition for hearing in December, 1975, in an effort to regain workers' compensation benefits. The hearing referee granted plaintiff's request, rejecting defendant's argument that plaintiff was not entitled to both workers' compensation benefits and duty-disability pension payments pursuant to the "like benefits" provision of MCL 418.161; MSA 17.237(161).

On appeal, the Workers' Compensation Appeal Board disagreed, concluding that the disability pension payments were indeed "like benefits" and thus plaintiff would be entitled to only the pension payments or the workers' compensation benefits,

but not both. The appeal board additionally held that plaintiff had made an effective election of workers' compensation benefits at the proceeding below thus affirming that part of the hearing referee's award of benefits.

Plaintiff filed an application for leave to appeal with this Court, which was denied on January 25, 1982. Plaintiff then filed an application for leave to appeal with the Supreme Court. The Supreme Court remanded "the case to the Court of Appeals for consideration as on leave granted" on December 6, 1982. 414 Mich 970 (1982).

Plaintiff first claims that the "like benefits" provision of MCL 418.161; MSA 17.237(161) denies plaintiff equal protection of the laws in violation of the United States and Michigan Constitutions. We disagree.

The appropriate standard of review to be utilized where the statute does not involve any discernible fundamental interest or affect with particularity any protected class but deals primarily with socioeconomic legislation is whether the challenged classification is rationally related to a legitimate state interest. *New Orleans v Dukes,* 427 US 297; 96 S Ct 2513; 49 L Ed 2d 511 (1976); *Michigan State Employees Ass'n v Michigan Employment Security Comm,* 94 Mich App 677; 290 NW2d 729 (1980). Under the rational basis test, a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. *Dandridge v Williams,* 397 US 471; 90 S Ct 1153; 25 L Ed 2d 491 (1970).

Plaintiff's contention that an intermediate level of review should be employed which would require that the classification in question bear a substantial relation to the purpose of the statute is without merit. Plaintiff cites *Manistee Bank & Trust*

*Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), in support of this contention. We agree with decisions subsequent to *Manistee Bank, supra,* which have limited the application of the "substantial relation" test to the rather unique circumstances presented in that case. See *Larkin v Bay City Public Schools,* 89 Mich App 199; 280 NW2d 483 (1979); *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977); *Cruz v Chevrolet Grey Iron Division of General Motors Corp,* 398 Mich 117; 247 NW2d 764 (1976).

The clear purpose of MCL 418.161; MSA 17.237(161) is to prevent the recovery of double benefits for the same injury. This is the plain inference from the language of the statute, *i.e.,* that police officers or fire fighters may recover under WDCA or under the provisions of a charter providing like benefits, but shall not be entitled to both. See *Schave v Dep't of State Police,* 58 Mich App 178; 227 NW2d 278 (1975). The apparent goal of the Legislature in devising the "like benefits" provision was to seek a way to reduce the burden on municipal taxpayers arising from the high cost of doing business.

It thus becomes incumbent to determine whether the challenged classification is rationally related to the stated purpose of MCL 418.161(1)(a); MSA 17.237(161)(1)(a). The "like benefits" provision of the statute is applicable only to fire fighters and police officers. It cannot be denied that police officers and fire fighters are engaged in occupations which entail a daily threat of physical injury. The number and duration of compensable injuries in these occupations cannot reasonably be compared with those of an ordinary civil servant. Plaintiff's proposition that there are no distinguishable characteristics between a secretary and a fire fighter

simply ignores the nature of the two occupations. While preventing a secretary from recovering double benefits would also work to achieve the goal of the "like benefits" provision, " '[t]he Equal Protection Clause does not require that a state must choose between attacking every aspect of a problem or not attacking the problem at all' ". *Manistee Bank, supra,* p 672. The Legislature, in its discretion, could rationally determine that the claims by secretaries, as well as other municipal employees, simply do not rise to the serious level presented by the claims of fire fighters and police officers.

Accordingly, we hold that the "like benefits" provision is rationally related to the legitimate state interest of reducing the financial burden placed upon municipalities by the great number of compensable injuries sustained by police officers and fire fighters.

Second, plaintiff contends that the WCAB erred in determining that workers' compensation benefits and the duty-disability pension payments received by the plaintiff are "like benefits" pursuant to MCL 418.161(1)(a); MSA 17.237(161)(1)(a).

MCL 418.161(1)(a); MSA 17.237(161)(1)(a) provided in pertinent part at the time relevant to this action:

"Policemen, firemen, or employees of the police or fire departments * * * in municipalities or villages of this state having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof like benefits as are prescribed in the charter but shall not be entitled to like benefits from both."

The dispute is over the interpretation to be given the term "like benefits".

The first judicial guideline on this issue was

provided in *MacKay v Port Huron,* 288 Mich 129; 284 NW 671 (1939). There, the benefits under a charter amounted to $900 per year, for life or until remarriage. The workers' compensation bene-fits amounted to $936 per year for 300 weeks at the longest, in addition to a provision for funeral expenses. The Court held that the two were "like benefits", indicating that "[t]he term 'like benefits,' employed in the statute, does not mean identical benefits or co-extensive in every detail but, consid-ering the full scope thereof, similar in its salient features". *MacKay, supra,* p 134.

In *Johnson v Muskegon,* 61 Mich App 121; 232 NW2d 325 (1975), plaintiff's duty-disability pension provided $411.09 per month until the age of 55, at which time plaintiff would be entitled to retire-ment pension benefits. In contrast, workers' com-pensation benefits were available in the amount of $300 per month until further order of the bureau. Medical benefits were not available under the pension plan while the WDCA did so provide. Nonetheless, the Court held that, as in *MacKay,* the only "salient feature" was the periodic pay-ments for disability. The absence of medical bene-fits under the pension plan was held not to be such an inequality as to exclude the operation of the statute. *Johnson, supra,* p 126.

In light of the standards set out in these cases, plaintiff's argument must fail. The only relevant factor is that both the pension plan and WDCA provide periodic payments for disability. The facts that plaintiff could receive $110 more through workers' compensation benefits, that medical bene-fits are provided under WDCA, and that plaintiff contributed to his pension plan are factors which have been raised as controlling, but nonetheless rejected, in previous decisions. See also *Vasser v*

*Muskegon Fire Dep't,* 1979 WCABO 2020, and *Plough v Muskegon Police Dep't,* 1979 WCABO 2082, both *aff'd by an equally divided court, Vasser v Muskegon,* 415 Mich 308; 329 NW2d 690 (1982). The additional factors cited by plaintiff, *i.e.,* that the pension benefits are taxable and that rehabilitation services are provided under the WDCA, do not change the result. Both of these factors were present in the previous cases even though not mentioned as relevant. The inescapable conclusion is that both the pension and the WDCA were designed to provide plaintiff with monthly payments while he is disabled from gainful employment. Thus, the two compensation methods are alike, and the factors cited by plaintiff do not affect their basic nature.

Finally, we must determine whether plaintiff made an effective and binding election to receive workers' compensation benefits rather than his duty-disability pension.

Pursuant to the conclusion reached on the second issue plaintiff may not receive benefits under both the WDCA and his pension plan. He must choose between the two compensation plans. The issue is whether such an election has been made.

In *MacKay, supra,* the Supreme Court indicated that where one is accorded and accepts the benefits of one plan, he is deemed to have elected those benefits and has waived the other. *MacKay, supra,* p 135. The Court in *Johnson, supra,* indicated that by accepting pension benefits, the provisions of the workers' compensation act are waived. *Johnson, supra,* pp 124-125, fn 4. However, neither of these decisions is controlling here. While plaintiff did receive workers' compensation benefits, thus indicating an election, he later also received benefits under the pension plan. Further, plaintiff accepted

both types of benefits at a time when he assumed that he was entitled to both. Thus, it would be unfair to deem the acceptance of either as a waiver of the other.

Furthermore, plaintiff's indication at trial that, if he had to choose, he would elect workers' compensation benefits, does not constitute an effective election. The terms set by plaintiff were conditional; he was responding to the hypothetical scenario proposed to him. Since the election was not final and unequivocal, it is not binding.

While it seems obvious, both from the superior benefits available and from his indication at trial, that plaintiff will elect workers' compensation over his pension plan, no one but the plaintiff can make that choice. This Court certainly cannot choose for him. Thus, it will be necessary to remand the case to enable plaintiff to make a binding election.

Remanded.