59  557
109  362

## The People v. William Minter.

*Saloons—Open on legal holiday—Statute construed—Discretion of court in imposing sentence, should always be exercised.*

1. The rule, as laid down by the Supreme Court of Michigan, is, that, "the person who engages in the business of carrying on a liquor saloon must, at his peril, see that no necessity exists for keeping the same open [on days prohibited by the statute] by carrying on any other business therein which would require the doors to be open, or for persons to enter therein": *People v. Waldvogel*, 49 Mich. 337; *People v. Blake*, 52 Mich. 566; *People v. Roby*. Ib. 577.

2. It was therefore error for the court to instruct the jury, on the trial of a respondent charged with keeping his saloon open on the fourth day of July, that, if they found that "the saloon was opened for any purpose whatever" they should convict. The construction given to the rule was too broad and would prevent the keeper from entering or leaving the saloon for any purpose, and this was not intended.

3. How. Stat. § 9603[1] vests a discretion in the court to fine *or* imprison a respondent under section 2275[2] How. Stat., and the court should always exercise its discretion in sentencing respondents.

Error to Van Buren. (Mills, J.) Argued January 27, 1886. Decided February 3, 1886.

Violation of liquor law. Respondent brings error. Reversed.

*E. M. Irish*, for respondent :

It was discretionary with the court to impose a sentence of

---

[1] How. Stat. § 9603. "Whenever it is provided that an offender shall be punished by imprisonment in the county jail *and* a fine, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment *without* the fine, or by such fine *without* the imprisonment; and whenever it is provided that an offense shall be punished by fine *or* imprisonment the court may impose *both* such fine *and* imprisonment, in its discretion."

[2] How. Stat. § 2375. "Any person who shall violate any of the provisions of the preceding sections shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than twenty-five dollars, nor more than one hundred dollars and costs of prosecution, and imprisonment in the county jail not less than ten days nor more than ninety days, in the discretion of the court."

fine or imprisonment: How. Stat. secs. 9603, 2275. Statutes in Pari Materia are to be construed together: *Reithmiller v. People*, 44 Mich. 280; *Simpkins v. Ward*, 45 Mich. 559.

*Moses Taggart*, Attorney General, for People.

SHERWOOD, J. The defendant was arrested and tried before a justice of the peace in the county of Van Buren for keeping his saloon open, in South Haven, on the fourth day of July, 1884, and was convicted. He took an appeal to the circuit court, where he was again tried and convicted. The proceedings upon this trial are now before us for review.

The record contains eleven assignments of error; we find none, however, needing consideration except those we now proceed to notice.

The court charged the jury that if they found that if they found that " the saloon was opened for any purpose whatever," then the jury should find the defendant guilty. This language was not, evidently, what was intended by the learned circuit judge, who gave the charge, and it very likely did not change the result; still it might possibly have misled the jury.

The rule, as laid down by this Court, is, that " the person who engages in the business of carrying on a saloon must, at his peril, see that no necessity exists for keeping the same open by carrying on any other business therein which would require the doors to be open, or for persons to enter therein ": *People v. Waldvogel*, 49 Mich. 337; *People v. Blake*, 52 Mich. 566; *People v. Roby*, 52 Mich. 577. It is true the rule as above stated was given in the charge, but the construction given to the rule by the court was too broad. It would prevent the keeper from entering or leaving the saloon himself for any purpose. This was not intended.

When the respondent was brought to the bar of the court for sentence, the respondent's counsel, speaking for his client, " insisted that the court had discretionary authority to pronounce sentence upon respondent, by either fine or imprisonment, and was not compelled by the law to impose, as punishment, both fine and imprisonment, and requested the court to exercise such discretion; but the court, being satisfied that

it had no such discretionary power, declined to exercise the same upon that ground and for that reason." The foregoing clause quoted appears in the entry of the judgment sentencing the respondent to be imprisoned ten days and pay a fine of $50.

In this construction of the law there is error. The court was at liberty to use his discretion : How. Stat. sec. 9603. The court should always exercise his discretion in sentencing respondents. In doing so he might have awarded the same punishment he did in this case, and which he was at liberty to do, but the entry contained in the judgment above stated expressly shows he did not do so, and therefore it cannot be presumed otherwise. However much we might have felt inclined to have disregarded the first instruction noticed, as one not calculated to seriously prejudice the rights of the respondent, the other cannot be disregarded. The judgment must therefore be reversed, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred ; MORSE, J., did not sit.