## PEOPLE *v.* HARRISON.

1. STATUTES—CONSTRUCTION—STATE LEGISLATURE.
    It is competent for legislative bodies, when enacting laws, to include interpreting clauses or general rules of construction, for present or future statutes.

2. CRIMINAL LAW—STATUTES—LOCAL-OPTION LAW—PRESUMPTIONS.
    It will be presumed that the legislature, in enacting section 16 of the local-option law (Act No. 207, Pub. Acts 1889, as amended, 2 Comp. Laws 1915, § 7094), had in mind and legislated in reference to the general law (5 How Stat. [2d Ed.] § 15164; 3 Comp. Laws 1915, § 15846) relating to judgments in criminal cases, and inferentially knew that it prescribed a rule of construction for the punitory provisions adopted, by which it made no difference whether the conjunctive "and" or disjunctive conjunction "or" was used.

3. SAME—STATUTES—LOCAL-OPTION LAW — PENALTY — DISCRETION OF JUDGE.

> So where respondent was convicted of a violation of the local-option law, the court below was in error in refusing to exercise his discretion in imposing a fine and jail sentence where he would have imposed a fine only had he construed the law as giving him any discretionary power.

4. SAME—APPEAL AND ERROR—SENTENCE—REMAND.

> Where the record discloses a valid conviction in a criminal prosecution and an irregular sentence which may be set aside and a new sentence imposed, the sentence imposed will be vacated, and the case remanded to the court below with directions to set same aside and impose such sentence under the law as in his discretion seems just and right.

Error to Lapeer; Williams, J. Submitted October 16, 1916. (Docket No. 174.) Decided December 22, 1916.

James Harrison was convicted of violating the local-option law and sentenced to pay a fine of $200 and to be confined for 30 days in the county jail. Sentence vacated and remanded for new sentence.

*Grant Fellows*, Attorney General, and *Herbert W. Smith*, Prosecuting Attorney, for the people.

*Theo. D. Halpin,* for respondent.

STEERE, J. In the circuit court of Lapeer county, on June 20, 1916, defendant was convicted on his plea of guilty of a violation of the local-option law then in effect in said county, and upon the same day sentenced by the court to pay a fine of $200 and to be confined in the common jail of said county for a period of 30 days, with the added provision that, if the fine imposed was not paid within the 30 days, defendant should be further confined in jail until the same was paid; the period of his confinement not to exceed in all six months.

Sentence was pronounced under section 5427, 2 Comp. Laws, being section 16 of the so-called local-option law, originally passed in 1889 (Act No. 207), subsequently amended by Act No. 183, Pub. Acts 1899, and Act No. 107, Pub. Acts 1909 (2 Comp. Laws 1915, § 7094), and which now, as when sentence was imposed, provides, so far as material here, that:

"Any person who himself, or by his clerk, agent or employee, shall violate any of the provisions of this act, shall, for the first offense, be deemed guilty of a misdemeanor, and upon conviction thereof be sentenced to pay a fine of not less than $50 nor more than $200 and the costs of his prosecution, and to imprisonment in the county jail not less than twenty days nor more than six months, in the discretion of the court."

Defendant's single assignment of error concisely presents the question raised for review as follows:

"The court erred in imposing a jail sentence on respondent when the discretion of the court, if exercised, would have imposed a fine without a jail sentence."

In pronouncing sentence the presiding judge stated that he would be glad to accept a construction of the statute giving him discretion to impose either fine or imprisonment, as contended for by defendant's counsel, if his view of the law permitted, and said to defendant, in part:

"If I could see my way clear to do so, I should impose a fine without a jail sentence; but, as I understand the law and my duty under that law, I cannot do that, and I put it upon the ground that I have no discretion in the matter."

It is said, and seems manifest, that the trial court was constrained to the views expressed and construction put upon the provisions of section 16 by language found in the case of *People* v. *Sharrar*, 164 Mich. 267 (127 N. W. 801, 130 N. W. 693), where upon the first

hearing such construction was approved; but upon a rehearing before the full bench it was held and said:

"We are satisfied, after a careful re-examination of the record, that whether the court properly construed the statute as requiring the imposition of a fine and a term of imprisonment is a question not involved."

The case was then affirmed on other grounds, and what is there said relative to the statute making imperative imposition of both fine and imprisonment may be regarded as dictum, being neither controlling of nor essential to the decision ultimately rendered.

It is competent and not uncommon for legislative bodies, when enacting laws upon some important subjects, to include interpreting clauses, or general rules of construction, for present or future statutes. Such course has been followed by the legislature of this State at various times, as evidenced by the chapters in our Compiled Laws relating to estates in real property, uses and trusts, powers, etc. Very early in the history of the State, when dealing with the subject of "judgments in criminal cases and the execution thereof," the legislature took note of and provided a statutory interpretation to meet the well-known loose and often confusing use of the conjunctive and disjunctive words "or" and "and" by the following enactment:

"Whenever it is provided that an offender shall be punished by imprisonment in the county jail and a fine, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment; and, whenever it is provided that an offense shall be punished by fine or imprisonment, the court may impose both such fine and imprisonment in its discretion."

The Revised Statutes of 1838 (page 678, § 4) contain the first provision of this section, the last being added in substance the following year (Session Laws of 1839, p. 233, § 52 [§ 15]), and with immaterial

alterations to correct grammatical inaccuracies it was embodied, as quoted, in the Revised Statutes of 1846, p. 705, § 4.

This general rule of statutory interpretation has remained unchanged on our statute books until the present time, appearing in our various compilations as follows: 2 Comp. Laws 1857, § 6103; 2 Comp. Laws 1871, § 7987; 2 How. Stat. (1st Ed.) § 9603; 3 Comp. Laws 1897, § 11973; 5 How. Stat. (2d Ed.) § 15164; and 3 Comp. Laws 1915, § 15846. It was first questioned in *People* v. *Minter,* 59 Mich. 557 (26 N. W. 701), in 1886. The respondent in that case was sentenced for violation of the liquor law, both fine and imprisonment being imposed. The judge in pronouncing sentence announced there, as here, that he was impelled to impose both, being satisfied that the law gave him no discretion, as the act under which respondent was convicted provided that punishment should be by fine "and" imprisonment. It was there squarely held that, by reason of the legislative rule of construction above quoted, discretionary power was given to the court, and it was error not to exercise the same.

That the general statutory rule of construction long ago provided, and persistently retained unchanged, for pronouncing "judgments in criminal cases and the execution thereof," is in point and controlling, if not repealed or amended, cannot be questioned. It does not change or modify the provisions of section 16, but only prescribes a rule of interpretation for the language found there. Presumptively the local-option law was enacted and amended with reference to section 9603, 2 How. Stat. (1st Ed.), the requirements of which became applicable and, in effect, a part of its punitory provisions. The general rule is thus concisely stated in 36 Cyc. p. 1105:

"It is competent for the legislature to enact rules for the construction of statutes, present or future, and, when it has done so, each succeeding legislature, unless a contrary intention is plainly manifested, is supposed to employ words and frame enactments with reference to such rules. * * * Such acts of legislative construction are not binding upon the courts as to transactions occurring before their passage, but as to matters occurring thereafter such legislation guides all departments of government, even though plainly contradictory to the act construed."

Can it be said that any contrary intention, adequate to operate as an implied repeal or amendment of this general statute of interpretation, is plainly manifest by the fact and character of the intervening amendments? Section 16 of the local option law as originally enacted (Act No. 207, Pub. Acts 1889) provided that any person who violated the "provisions of section one" of the act should upon first conviction be sentenced to pay "a fine of not less than $50 nor more than $200 and the costs of his prosecution, or to imprisonment in the county jail not less than 20 days nor more than six months, in the discretion of the court." In 1899 (Act No. 183, Pub. Acts 1899), several sections of the local-option law were amended, and a new section was added, numbered 25, relative to the duties of druggists in counties where the law was operative. To make the penal provisions found in section 16 applicable, it was amended to include the added section 25, and in recasting the section for that manifest purpose the word "or" was replaced by "and" in the portion relating to imprisonment in the county jail. By Act No. 107, Pub. Acts 1909, the law was further amended in various particulars, and section 16 was again changed by substituting, for "shall violate any of the provisions of sections one or twenty-five of this act," the more comprehensive phrase "shall violate any of the provisions of this act," otherwise remaining the same as before, and as now in force.

It is a general rule of construction that lawmaking bodies are presumed to know of and legislate in harmony with existing laws, and the language of every enactment is, so far as possible, to be construed consistent with other laws which it does not in plain and unequivocal terms modify or repeal. In enacting and amending section 16, the legislature presumptively had in mind and legislated in reference to the general law relating to judgments in criminal cases and, inferentially at least, knew that it prescribed a rule of construction for the punitory provisions adopted by which it made no difference whether the conjunctive "and" or disjunctive conjunction "or" was used. Whichever is used, the language of both acts may have their proper force and harmonious operation without doing any violence to either. How then can there be a repeal by implication when one equivalent word takes the place of another in the course of important amendments of the act for other purposes? There is scant significance and no magic to repeal a prior long-operative law in the unexplained substitution of "and" for "or" in a lengthy clause where both operate in a sense conjunctively.

The confusion arising from questionable use of those words is proverbial, and the wisdom of legislative construction, pinning them down so far as possible to a definite meaning when used in defined relation with other words or phrases, is graphically made manifest by the tomes of cases upon the subject which can be found cited in volume 2 of Corpus Juris, p. 1339, and following, or the elaborate discussion of their bewildering use and endless citation of relevant cases in any text-book on rules of construction. All of which is very convincing that the change from "or" to "and" in section 16 may have meant anything or nothing in the minds of legislators.

194—Mich.—24,

It is well said in 2 Lewis' Sutherland on Statutory Construction (2d Ed.), § 397:

"The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments."

Of changes in phraseology it is said (section 401):

"Every change of phraseology, however, does not indicate a change of substance and intent. The change may be made to express more clearly the same intent or merely to improve the diction. The change is often found to be the result of carelessness or slovenliness of the draftsman. The changes of phraseology may result from the act being the production of many minds, and from being compiled from different sources. Hence the presumption of a change of intention from a change of language is of no great weight, and must mainly depend on the intrinsic difference as resulting from the modification. A mere change in the words of a revision will not be deemed a change in the law unless it appears that such was the intention. The intent to change the law must be evident and certain; there must be such substantial change as to import such intention, or it must otherwise be manifest from other guides of interpretation, or the difference of phraseology will not be deemed expressive of a different intention."

To the same effect, see Maxwell on Interpretation of Statutes (5th Ed., by Stroud), p. 520.

The mere change from "or" to "and" in section 16, during the process of amending the local-option law in other important particulars, cannot be deemed a substantial change which, by settled rules of construction, implies an intention to modify or repeal a well-seasoned statute which is applicable, was presumably legislated in reference to, and which by its plain terms operates upon, and harmoniously with, the exact language of the change.

"If two statutes can be read together without contradiction, or repugnancy, or absurdity, or unreason-

ableness, they should be read together, and both will have effect." 1 Lewis' Sutherland on Statutory Construction (2d Ed.), § 267.

We find no occasion to disturb the conclusions reachd in *People* v. *Minter, supra,* touching the discretionary powers of the trial court in imposing sentence, which controls the question involved here.

The record discloses a valid conviction and irregular sentence which may be set aside and a new sentence imposed, defendant having been released on bail pending these proceedings and nothing done by way of executing the first sentence.

The sentence imposed and here passed upon must therefore be vacated, and the case remanded to the trial court, with directions to set the same aside and impose such sentence under the law as in his discretion seems just and right.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and BROOKE, JJ., concurred. PERSON, J., did not sit.