MOORE v CITY OF SOUTHFIELD POLICE DEPARTMENT

Docket No. 85056. Submitted May 21, 1986, at Detroit. Decided May 18, 1987.

Mark T. Moore, age twenty-seven, filed a petition with the Workers' Disability Compensation Bureau seeking workers' compensation benefits from the City of Southfield Police Department and its insurer, Great American Insurance Company, after aggravating a previous back injury which he sustained in the course of his employment as a Southfield police officer. Moore's petition was dismissed by a workers' compensation hearing referee when Moore declined to make an election between workers' compensation benefits and the duty-disability pension plan benefits provided by Southfield's city charter. The petition's dismissal was upheld by the Workers' Compensation Appeal Board and plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. A policeman or fireman under the age of fifty-five who is otherwise eligible to receive benefits under both the Workers' Disability Compensation Act and the duty-disability provisions of the firemen and policemen pension and retirement act may accept benefits under both acts to the extent that they do not provide overlapping or double compensation for the same injury.

2. The need for an election between workers' compensation benefits and duty-disability pension benefits is obviated by the coordination of benefits requirements of the firemen and policemen pension and retirement act.

Reversed and remanded.

REFERENCES

Am Jur 2d, Pension and Retirement § 56.

Am Jur 2d, Statutes §§ 142, 145, 146, 187.

Supreme Court's views on weight to be accorded to pronouncements of legislature, or members of legislature, respecting meaning or intent of previously enacted statute. 56 L Ed 2d 918.

Supreme Court's view as to weight and effect to be given on subsequent judicial construction, to prior administrative construction of statute. 39 L Ed 2d 942.

Rights to unemployment compensation as affected by receipt of pension. 56 ALR3d 520.

1. STATUTES — JUDICIAL CONSTRUCTION.
    Lawmakers are presumed to know of, and legislate in harmony with, existing laws.

2. STATUTES — JUDICIAL CONSTRUCTION.
    Two or 'more statutes affecting a person or subject should be read together and each given effect if such can be done without repugnancy, absurdity or unreasonableness.

3. WORKERS' COMPENSATION — FIREMEN AND POLICEMEN PENSION AND RETIREMENT ACT.
    A policeman or fireman under the age of fifty-five who is otherwise eligible to receive benefits under both the Workers' Disability Compensation Act and the duty-disability provisions of the firemen and policemen pension and retirement act may accept benefits under both acts to the extent that they do not provide overlapping or double compensation for the same injury (MCL 38.556[2][f], 418.161; MSA 5.3375[6][2][f], 17.237[161]).

*Hiller, Larky & Hoekenga* (by *Marc M. Susselman*), for plaintiff.

*Galbraith & Booms* (by *Raymond A. Booms*), for defendants.

Before: MACKENZIE, P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. On March 29, 1981, plaintiff, age twenty-seven, aggravated a previous back injury which he had sustained during the course of his employment as a police officer for defendant City of Southfield Police Department. Plaintiff appeals by leave granted from a decision of the Workers' Compensation Appeal Board dismissing his petition for disability benefits under the Workers' Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.* At issue in this case is not the fact of a work-related disability; instead, we are asked to decide whether plaintiff is entitled to benefits under both the workers' compensation act

* Circuit judge, sitting on the Court of Appeals by assignment.

and the duty-disability provision of his pension plan established pursuant to the firemen and policemen pension and retirement act, MCL 38.551 *et seq.;* MSA 5.3375(1) *et seq.* (Act 345).

At the time this case arose, § 161 of the workers' compensation act provided in pertinent part:

> Policemen, firemen, or employees of the police or fire departments, or their dependents, *in municipalities* or villages of this state *having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof like benefits as are prescribed in the charter but shall not be entitled to like benefits from both.* Nothing contained in the act shall be construed as limiting, changing, or repealing any of the provisions of a charter of a municipality or village of this state relating to benefits, compensation, pensions, or retirement independent of this act, provided for employees. [1976 PA 21, § 1, MCL 418.161(1)(a); MSA 17.237(161)(1)(a). Emphasis added.]

The City of Southfield charter provides for a disability and retirement pension plan, funded in part by mandatory wage contributions, pursuant to Act 345. Available benefits include a duty-disability pension, receivable when a member of the plan is retired before or after age fifty-five due to incapacitation for duty by reason of personal injury arising out of and in the course of employment. See MCL 38.556(2)(d); MSA 5.3375(6)(2)(d). Act 345 duty-disability pension benefits paid to a disabled worker who is not yet age fifty-five constitute "like benefits" under § 161 of the workers' compensation act. *Hatton v Saginaw,* 159 Mich App 522; 406 NW2d 871 (1986). See also *Johnson v Muskegon,* 61 Mich App 121; 232 NW2d 325 (1975). Thus, it would appear that, under § 161, plaintiff is not entitled to benefits under both the

workers' compensation act and the city's duty-disability pension plan. However, Act 345 contains the following coordination of benefits provision, MCL 38.556(2)(f); MSA 5.3375(6)(2)(f), incorporated in the Southfield city charter:

> *Amounts paid under the workmen's compensation act* of this state to a retired member *shall be offset against and payable in place of benefits provided under this act.* If benefits under the compensation act are less than the benefits payable under this act, then the amount to be paid out of the funds of the retirement system shall be the difference between the benefits provided under the compensation act and the benefits provided in this act. Upon the termination of benefits under the compensation act, then and thereafter benefits shall be paid in accordance with this act. [Emphasis added.]

Under this language, it cannot be disputed that the Legislature contemplated entitlement to *both* duty-disability pension benefits and workers' compensation benefits.

In the instant case, plaintiff filed his petition for workers' compensation benefits on December 29, 1981. When the matter came on for hearing before a workers' compensation referee on January 12, 1983, plaintiff was required by the referee to make an election under § 161 between workers' compensation benefits and city charter Act 345 benefits. He declined to do so. Purportedly on authority of *Johnson v Muskegon, supra,* the referee dismissed the petition without prejudice in a decision mailed February 9, 1983. In its decision mailed April 16, 1985, the WCAB affirmed the decision of the workers' compensation referee on the authority of, inter alia, *Johnson, supra,* and *MacKay v Port Huron,* 288 Mich 129; 284 NW 671 (1939). It found

no ambiguity in the election requirement of § 161, and found that plaintiff's refusal to make an election under § 161 must result in dismissal of the petition.[1]

Plaintiff argues that the election of benefits requirement of § 161 does not preclude an injured police officer from receiving both workers' compensation benefits and duty-disability pension benefits provided pursuant to Act 345. In *Johnson v Muskegon, supra,* this Court held that "[s]ince the benefits under the disability pension and the workmen's compensation statute are 'like benefits' the plaintiff must elect between the two [pursuant to § 161], and be bound by such an election." 61 Mich App 127. Accord: *MacKay v Port Huron, supra; Slater v Grand Rapids,* 248 Mich 480; 227 NW 788 (1929). It is this holding which the WCAB found, and defendant urges, to be dispositive of the instant case.

We do not agree that *Johnson* is controlling here. In *Johnson,* the issue before this Court was the operation of § 161 exclusive of any coordination of benefits provision. Indeed, the *Johnson* panel expressly declined to consider the effect of an Act 345 setoff provision on the § 161 election requirement. See 61 Mich App 124, n 3. Thus, *Johnson* affords no assistance in determining how, if at all, § 161 and Act 345's coordination of bene-

---

[1] After the referee's decision, plaintiff applied for and received duty-disability benefits under the city pension plan. At oral argument, plaintiff's counsel told this Court that the city charter pension plan offers greater benefits than the workers' compensation benefits plaintiff would have received, but, unlike the workers' compensation benefit scheme, the .pension plan does not include payment for medical expenses. Further, counsel maintained that, while plaintiff remains covered under his employer's medical insurance plan, this insurance does not include coverage for medical expenses incurred in the treatment of work-related injuries. According to plaintiff's counsel, the net effect of this situation and the WCAB's decision is that plaintiff has been, and will continue to be, personally responsible for paying for medical treatment associated with his back injury.

fits provision are to be read together. Nor are we assisted by *MacKay* and *Slater, supra,* upon which the *Johnson* panel relied; both cases were decided prior to the enactment of the Act 345 setoff provision.[2]

Since the instant appeal involves provisions of two separate acts—MCL 418.161; MSA 17.237(161) and MCL 38.556(2)(f); MSA 5.3375(6)(2)(f)—we begin our analysis by noting two prominent rules of statutory construction.

> First, it is a general rule of construction that lawmakers are presumed to know of and legislate in harmony with existing laws. Secondly, and relatedly, the rule *in pari materia* requires that two or more statutes affecting a person or subject should be read together and each given effect if such can be done without repugnancy, absurdity or unreasonableness. *People v Harrison,* 194 Mich 363, 370-371; 160 NW 623 (1916). [*Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569, 578-579; 305 NW2d 541 (1981).]

See also *State Highway Comm v Detroit City Controller,* 331 Mich 337, 358; 49 NW2d 318 (1951); *Rathbun v Michigan,* 284 Mich 521, 544; 280 NW 35 (1938).

Consistent with these principles, we do not believe, as the WCAB held, that the Legislature intended persons under age fifty-five who are eligible for both workers' compensation and Act 345 duty-

---

[2] *Bannan v Saginaw,* 420 Mich 376; 362 NW2d 668 (1984), reh den 421 Mich 1202 (1985), similarly provides little guidance in resolving the instant case. In *Bannan,* the Court held that the setoff provision of an Act 345 pension created by city ordinance did not apply to the plaintiff and further found § 161 inapplicable when Act 345 benefits are prescribed by ordinance rather than charter. Cf., 1983 PA 162 and see 420 Mich 386, n 4. Thus, the *Bannan* Court did not address the relationship between the Act 345 coordination of benefits provision and § 161.

disability benefits to be put to an election as to their entitlement to those benefits. Such a requirement effectively nullifies the coordination of benefits provision of Act 345, contrary to the rule of construing statutes in pari materia. Moreover, when the Legislature first enacted the Act 345 setoff provision in 1947, 1947 PA 229, the workers' compensation laws of this state had long contained language substantially identical to § 161. See 1929 CL 8413. Presumably the Legislature would never have enacted the Act 345 coordination of benefits provision if it understood the long-standing workers' compensation law to preclude entitlement to both types of benefits.

We conclude that the Legislature intended that an otherwise eligible policeman or fireman under age fifty-five is entitled to both workers' compensation benefits and Act 345 duty-disability pension benefits, and may accept benefits under both acts, to the extent that they do not provide overlapping or double compensation for the same injury. The clear purpose of § 161 is to prevent policemen and firemen from accepting double benefits for the same injury. An obvious purpose of the coordination of benefits provision of Act 345 is also to prohibit the receipt of double benefits for the same injury. When injured policemen or firemen apply for duty-disability pension benefits, under the coordination of benefits clause they do so on the condition that, when they accept workers' compensation benefits, they will *not* receive a like amount in duty-disability pension benefits. Because the coordination of benefits provision precludes policemen and firemen from accepting or receiving these "like benefits," there is no need to force an election under § 161, contrary to the determination of the WCAB. Simply put, the setoff requirement of Act 345 eliminates the need to apply § 161 to duty

disability benefits received before age fifty-five. See *Hatton, supra.*

The decision of the wcab was based solely on plaintiff's refusal to elect between workers' compensation or Act 345 benefits. Because the coordination of benefits provision of Act 345 and the Southfield charter obviated the necessity for such an election, we reverse the decision of the wcab and remand for further proceedings.[3]

Reversed and remanded. We do not retain jurisdiction. No costs.

---

[3] This disposition makes it unnecessary to address the retroactive effect of 1983 PA 162.