PASTULA v CITY OF WIXOM (ON REMAND)

Docket No. 140957. Submitted October 20, 1992, at Detroit. Decided December 7, 1992, at 10:15 A.M. Leave to appeal sought.

Gerald Pastula was injured during the course of his employment as a police officer for the City of Wixom. The city and its insurer, Transamerica Insurance Company, voluntarily paid workers' compensation, and Pastula also received a duty-disability pension from the city pursuant to a city ordinance. Following the amendment of the Workers' Disability Compensation Act by 1983 PA 162, which provided a "like benefits" provision requiring an injured employee to make an election to receive either workers' compensation benefits or pension benefits, the defendants petitioned for an order requiring Pastula to make such an election. The hearing referee denied the request, and the Workers' Compensation Appeal Board affirmed. The defendants' application for leave to appeal was denied by the Court of Appeals, Docket No. 128007. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 437 Mich 983 (1991).

On remand, the Court of Appeals *held:*

The appeal board did not err as a matter of law in holding that the "like benefits" provision of MCL 418.161; MSA 17.237(161) was not applicable in this case. The defendants' claim that the provision was applicable is controlled by *Moore v City of Southfield Police Dep't,* 160 Mich App 289 (1987), which rejected the same argument.

Affirmed.

*O'Connell, Roeser & Brennan* (by *Vicki L. Brennan*), for the plaintiff.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *T. F. Felker, Jr.*), for the defendants.

ON REMAND

Before: REILLY, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

Michael J. Kelly, J. Plaintiff, Gerald Pastula, was a police officer for defendant the City of Wixom until he was injured in the course of his employment on February ·28, 1980. Defendants voluntarily paid workers' compensation benefits to him, and he also received a duty-disability pension pursuant to city ordinance.

In 1983, § 161 of the Workers' Disability Compensation Act[1] (WDCA) was amended, providing a "like benefits" provision requiring an injured employee to make an election to receive either workers' compensation benefits or pension benefits. 1983 PA 162. Thereafter, defendants filed a petition with the Bureau of Workers' Disability Compensation requesting that plaintiff be required to make such an election. Defendants' petition was denied, and they appealed to the Workers' Compensation Appeal Board (WCAB). The WCAB affirmed the denial of defendants' petition. Defendants' subsequent application for leave to appeal to this Court was denied. Thereafter, defendants sought leave to appeal to the Michigan Supreme Court. In an April 30, 1991, order, the Supreme Court remanded this matter to this Court for consideration as on leave granted. *Pastula v Wixom,* 437 Mich 983 (1991). We affirm the WCAB's refusal to require plaintiff to make an election of benefits under the "like benefits" provision of § 161.

Defendants' sole argument on appeal, that the WCAB erred as a matter of law in holding that the "like benefits" provision in § 161 of the WDCA is not applicable under the circumstances in this case, has been previously rejected by this Court in the similar case of *Moore v City of Southfield*

[1] MCL 418.161; MSA 17.237(161).

*Police Dep't,* 160 Mich App 289; 408 NW2d 136 (1987). We believe *Moore* was correctly decided. Therefore, under *Moore,* defendants' claim must fail.

Affirmed.