*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CASEY LAVERN OLNEY,

Defendant-Appellee.

FOR PUBLICATION
September 10, 2020
9:20 a.m.

No. 343929
Jackson Circuit Court
LC No. 17-005539-FH

ON REMAND

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

This case returns to us by order of our Supreme Court for consideration of defendant's newly raised "argument that MCL 768.27c does not apply to preliminary examinations."[1] *People v Olney*, ___ Mich ___ ; 941 NW2d 374 (2020) (Docket No. 159390). We conclude that MCL 768.27c does apply to preliminary examinations. Consequently, we once again reverse the circuit court decision to quash the bindover and remand for reinstatement of the charges.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In our prior opinion, we summarized the facts and procedural history as follows:

Defendant was initially charged with first-degree home invasion and domestic violence. Although the prosecution subpoenaed the complainant for the preliminary examination, she did not appear. The prosecutor informed the district court that, despite the alleged victim's absence, the prosecution intended to proceed with the preliminary examination on the basis of the testimony of the law

---

[1] In his application to our Supreme Court, defendant acknowledged that this issue was not preserved in the circuit court or raised in the claim of appeal to this Court.

enforcement officer who responded to the scene, Deputy David Thomas of the Jackson County Sheriff's Office. The prosecutor stated that Thomas's hearsay testimony was admissible under MCL 768.27c, the statutory hearsay exception for statements to law enforcement officers made by victims of domestic violence under circumstances that would indicate the statement's trustworthiness. Defense counsel objected, noting that he did not believe that the statutory hearsay exception could apply to charges *other than* domestic abuse. The district court responded that the exception existed "for the very reason that the prosecutor is experiencing right now" because the prosecution had subpoenaed "someone that has either been intimidated or for whatever reason refuses to cooperate." As the actual examination began, the prosecutor informed the district court that "based upon what was told to the officer," he was adding charges of assault by strangulation and interfering with telephonic communications, which were not included in the original complaint.

Thomas testified that at approximately 9:30 a.m. on October 18, 2017, he responded to a residence in Liberty Township, Michigan, after dispatch informed him of a domestic-assault complaint and a possible violation of a conditional bond. When he arrived on site, the complainant was standing in the driveway. Thomas described her demeanor as "[f]airly calm" and "not hysterical, but she was upset." When the prosecutor asked Thomas what the complainant had said to him, defense counsel objected and asked for "a continuing objection for any and all statements that are used that are *beyond the purpose of establishing a domestic violence* in this matter." That is, defense counsel continued to object to Thomas's testimony in a very limited way. While apparently conceding that the evidence was admissible for the purposes of establishing probable cause on the domestic-violence charges, defense counsel argued that the complainant's statement could not be used to establish probable cause for any other offense. In response, the district court stated:

All right. Well we understand the nature of your objection. We briefly discussed the matter. The quandary is whether or not the statute permits hearsay given the circumstances of it being made to a police officer contemporaneous with the act itself and involving domestic [violence] applies to something beyond the charge of domestic violence. The Court is taking a flier at this point in time that it does. It's kind of in the spirit of the direction that the legislature seems to be going in almost eliminating probable cause or preliminary examinations. So I will allow the testimony and it can be reviewed by a superior court if it gets to that stage.

Thomas testified that the complainant had told him that she woke up to find defendant, her ex-boyfriend, in her apartment. Defendant was there to collect the money that the complainant admittedly borrowed from him and was supposed to have paid back the day before. The complainant told Thomas that when she yelled at defendant and told him that he was not supposed to have contact with her, defendant grabbed her by the neck and threw her to the ground. Defendant also took the complainant's cell phone, threw it on the ground, and broke it. Thomas's report indicated that the complainant reported that she had trouble breathing. Thomas observed redness and irritation on the complainant's neck but did not take any photographs.

Following cross-examination, the district court reviewed MCL 768.27c and concluded that Thomas's "statement is admissible [if] the information is admissible." The district court found that the prosecution established probable cause, and defendant was bound over for trial.

Defendant filed a motion to quash in the circuit court, arguing that the use of Thomas's testimony to establish probable cause *for crimes other than domestic violence* violated defendant's constitutional right to confront his accuser. The circuit court issued a written opinion, the reasoning of which departed from the arguments made by defense counsel. The circuit court apparently rejected defendant's claim that the statute applied only to domestic violence charges. It ruled:

MCL 768.27c(1)(b) applies to offenses involving domestic violence, that being any offense that is connected to a domestic violence incident. For example a Home Invasion entering without permission, one of the elements is "that when defendant entered the dwelling, he/she intended to commit State offense" if the offense is domestic violence or related to a domestic violence then the exception would apply, but if the offense is larceny for example then the exception would not apply.

However, the circuit court went on to add that when it enacted MCL 768.27c, the Legislature intended to carve out an additional hearsay exception when the complainant was unavailable, similar to the exception found in MRE 804(b). The circuit court interpreted MCL 768.27c as requiring that "first the victim must be declared unavailable then and only then can you use this exception to hearsay." The court then concluded that, because the complainant was not declared unavailable, the exception did not apply.

The circuit court also held that the exception could not apply because the statements of the complainant

are testimonial, and that by not having [the complainant] there the Confrontation Clause of the sixth amendment was violated. Furthermore the exception to the hearsay rule found in MCL 768.27c, extends on MRE 804(b) and you must first get passed [sic] the Confrontation Clause of the Sixth amendment before you can use a hearsay exception.

The circuit court granted the motion to quash and dismissed the charges against defendant. [*People v Olney*, 327 Mich App 319, 322-325; 933 NW2d 744 (2019) (emphasis in original).]

In reversing the circuit court, we held that there was no unavailability requirement in MCL 768.27c and a right of confrontation did not apply at the preliminary examination. *Id*. at 327-331.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The interpretation of a statute, including the application of facts to the law, is reviewed de novo. *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017).[2] The goal when interpreting statutes is to give effect to legislative intent by examining the plain language of the words of the statute. *Id.* When the language of a statute is unambiguous, the Legislature intended the meaning expressed, and the statute must be enforced as written. *Id.* It is presumed that the Legislature acts with knowledge of existing law. *People v Schultz*, 435 Mich 517, 543-544; 460 NW2d 505 (1990); *People v Harrison*, 194 Mich 363, 369; 160 NW 623 (1916).

The legislative history of an act may be examined to determine the reason for the act as well as to discern the meaning of its provisions. *People v Green*, 260 Mich App 710, 715; 680 NW2d 477 (2004). Legislative history is extremely useful when it demonstrates an intent to repudiate a judicial interpretation or addresses alternatives in statutory language. *Id.* However, legislative history is given little significance when it does not present an official view of the legislators, and legislative history may not be invoked to create an ambiguity that does not otherwise exist. *Id.* The legislative bill analysis does have probative value in limited circumstances. *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 170; 744 NW2d 184 (2007). Accordingly, it may be appropriate for this Court to look to the legislative history to help ascertain the Legislature's purpose in creating a statute as well as determining the statute's meaning. *Id.*

## B. MCL 768.27c APPLICATION

For the first time in his application for leave to appeal to our Supreme Court, defendant claimed[3] that MCL 768.27c could not be applied to preliminary examinations. We disagree.

MCL 768.27c precisely addresses the proceedings to which it applies. Specifically, the plain language of MCL 768.27c(6) states: "This section applies to trials *and evidentiary hearings* commenced or in progress on or after May 1, 2006." (Emphasis added.) However, defendant submits that the phrase "evidentiary hearings" does not encompass a preliminary hearing. A preliminary examination is, at its core, an evidentiary hearing. See *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003) ("As [MCL 766.13] indicates, the preliminary examination has a dual function, i.e., to determine whether a felony was committed and whether there is probable cause to believe the defendant committed it. At the examination, evidence from which at least an inference may be drawn establishing the elements of the crime charged must be presented."); *People v Kubasiak*, 98 Mich App 529, 532; 296 NW2d 298 (1980) ("While positive proof of guilt is not required, there must be evidence [at the preliminary examination] on each element of the crime charged or evidence from which those elements may be inferred.") Thus, the very purpose of the preliminary examination is to admit evidence on each element of a crime and to establish probable cause to believe that the defendant committed that crime. Further, there does not appear

---

[2] Generally, issues not raised in the trial court are reviewed for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). However, our Supreme Court directed us to resolve this issue without limitations.

[3] We address defendant's argument as found in the application for leave to appeal filed with our Supreme Court. Defendant did not move to file supplemental pleadings with this Court.

to be a logical rationale to apply the statute at trial and other types of evidentiary hearings, but not at a preliminary examination.

Additionally, although not dispositive or controlling, the legislative history and analyses concerning 2006 PA 79, which enacted MCL 768.27c, provides absolutely no indication that when incorporating MCL 768.27c(6) in the statute, the Legislature intended to prohibit the use of the statute at the preliminary examination. Specifically, it is noteworthy that MCL 768.27c(6) was not inserted into the Senate Bill 263 until the bill was nearing passage by both houses of the Legislature. The Senate passed this bill on November 3, 2005, without any language regarding when or where the statute would be effective. The language appeared in the House's version of the bill, which it passed on March 7, 2006. The Senate approved the House's version of the bill on March 14, 2006, and the Governor signed the bill (which was given immediate effect) on March 23, 2006. Given that MCL 768.27c(6) set an effective date of May 1, 2006, it seems fairly clear that the provision was added in order to make it clear *when* this new evidentiary rule would apply, not necessarily to limit the types of proceedings where the statute would be applicable.

That conclusion is buttressed by the various legislative analyses prepared with respect to the bill. The Senate Committee Summary, dated October 18, 2005, explains that the bill would make certain evidence admissible in a "criminal action." No reference is made to limiting the introduction of this evidence in the manner defendant suggests. Senate Legislative Analysis, Senate Bill 263, October 18, 2005. The same may be said about the Senate Floor Analysis. That analysis simply explains that the bill would make certain evidence admissible. Senate Legislative Analysis, Senate Bill 263, November 2, 2005. After the bill was passed by the Senate, a bill analysis explained that the rationale of the bill stemmed from the fact that "it is common that a domestic violence victim will make a statement to a police officer or other emergency responder but later may be unwilling to testify in court against the abuser. Some people believe that such a statement should be admissible as evidence of the wrongdoing, regardless of the victim's willingness to testify." Senate Bill Analysis, Senate Bills 120 (Substitute S-4) and 263 (Substitute S-6), February 9, 2006, p 1. Again, notably absent is any indication whatsoever that the Senate intended to limit the rule's applicability to certain phases of the criminal proceeding.[4]

_____

[4] The House's summary of the bill similarly contains no suggestion that the new rule would not apply in any phase of a criminal proceeding. House Legislative Analysis, Senate Bills 120 and 263, February 13, 2006. Neither does the House Committee Summary. House Legislative Analysis, Senate Bills 120 and 263, February 27, 2006. The first mention of MCL 768.27c(6) is in the analysis of the enrolled bill. In that analysis, the rationale for the bill is the same as explained by the Senate's February 9, 2006 analysis. Regarding MCL 768.27c(6), the analysis states simply that Enrolled Bill 263, as well as Enrolled Bill 120, would "apply to trials and evidentiary hearings commenced or in progress on or after May 1, 2006." Senate Legislative Analysis, Senate Bills 120 and 263, May 11, 2006, p 1. Nothing in the remainder of the analysis discloses any intention to limit the applicability of either bill to any particular phase or phases of a criminal proceeding. Rather, it would appear that the bills were enacted to make certain evidence admissible in a criminal proceeding, and that the only real purpose of MCL 768.27c was to set a date when the new rule of evidence would apply.

Nonetheless, defendant contends that MCL 768.27c does not apply to preliminary examinations because the Michigan Court Rules, specifically MCR 6.110(D)(2), distinguish between preliminary examinations and evidentiary hearings. However, defendant's contention is comprised of a single sentence that does not develop the issue in any meaningful way. In any event, MCR 6.110 generally describes the preliminary examination procedure and MCR 6.110(D) states:

(1) The court shall allow the prosecutor and defendant to subpoena and call witnesses from whom hearsay testimony was introduced on a satisfactory showing that live testimony will be relevant.

(2) If, during the preliminary examination, the court determines that evidence being offered is excludable, it must, on motion or objection, exclude the evidence. If, however, there has been a preliminary showing that the evidence is admissible, the court need not hold a separate evidentiary hearing on the question of whether the evidence should be excluded. The decision to admit or exclude evidence, with or without an evidentiary hearing, does not preclude a party from moving for and obtaining a determination of the question in the trial court on the basis of

(a) a prior evidentiary hearing, or

(b) a prior evidentiary hearing supplemented with a hearing before the trial court, or

(c) if there was no prior evidentiary hearing, a new evidentiary hearing.

We do not read the court rule as concluding that preliminary examinations are wholly distinct from evidentiary hearings. Rather, the court rule addresses the necessity for a separate evidentiary hearing to decide questions concerning the admissibility of evidence. That does not mean that preliminary examinations are not a type of evidentiary hearing. Rather, the preliminary examination is, in effect, the evidentiary hearing at which the district court determines whether sufficient evidence to warrant the bindover is made. More importantly, nothing in the language of MCL 768.27c demonstrates that the Legislature sought to adopt any such distinction from MCR 6.110(D), a judicially adopted rule, see MCR 1.104.

Defendant also argues that by failing to include MCL 768.27c in MCL 766.11b(1), the Legislature has indicated that MCL 768.27c does not apply at the preliminary examination. MCL 766.11b(1) states:

(1) The rules of evidence apply at the preliminary examination except that the following are not excluded by the rule against hearsay and shall be admissible at the preliminary examination without requiring the testimony of the author of the report, keeper of the records, or any additional foundation or authentication:

(a) A report of the results of properly performed drug analysis field testing to establish that the substance tested is a controlled substance.

-6-

(b) A certified copy of any written or electronic order, judgment, decree, docket entry, register of actions, or other record of any court or governmental agency of this state.

(c) A report other than a law enforcement report that is made or kept in the ordinary course of business.

(d) Except for the police investigative report, a report prepared by a law enforcement officer or other public agency. Reports permitted under this subdivision include, but are not limited to, a report of findings of a technician of the department of state police concerned with forensic science, a laboratory report, a medical report, a report of an arson investigator, and an autopsy report.

Plainly, MCL 766.11b(1) addresses the foundational and authentication requirements for certain reports and records at the preliminary examination. MCL 768.27c does not contain any reference to admission of records or other documents, but addresses statements pertaining to physical injury or domestic violence. The reason MCL 768.27c is not listed in MCL 766.11b(1) is obvious; MCL 768.27c has nothing to do with the purpose of MCL 766.11b(1). The omission of MCL 768.27c from MCL 766.11b(1) does not support defendant's attempt to preclude hearsay statements pertaining to domestic violence from admission at the preliminary examination.

Consequently, we conclude that the plain language of MCL 768.27c(6) unambiguously applies at trials and evidentiary hearings, MCL 768.27c(6). The preliminary examination is a type of evidentiary hearing, and thus, the statute applies at that stage. Defendant has shown no reason why the phrase "evidentiary hearing" should be read differently in this context, and the legislative history appears to show that the Legislature never intended for MCL 768.27c(6) to be read in the manner defendant suggests. Accordingly, the statute was applicable at defendant's preliminary examination.

Reversed and remanded for reinstatement of the charges raised against defendant. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly